119 203
120 40
119 203
f121 368
119 203
s77NW 702
h132 1676

</div>

FIRST BAPTIST CHURCH OF JACKSON *v.* CITIZENS' MUTUAL FIRE INSURANCE CO.

1. Fire Insurance—Action on Policy—When Premature.

An action upon a standard fire-insurance policy issued by a mutual company, which contained, among others, a provision that all agreements affecting the policy should be written or printed thereon, was not prematurely brought when commenced more than 60 days after proof of loss, at which time the policy by its terms was payable, although, under the company's charter and a provision of the statute (3 How. Stat. § 4258),—neither of which was referred to in the policy,—suit could not be brought until 60 days after the loss had become due, where the company's refusal to pay in the particular case was not put upon the ground that the loss was not yet due and payable, but was based upon the contention that other insurance had forfeited the policy.

2. SAME — DEFENSES — BREACH OF CONDITION — AMENDMENT TO
PLEA.

    Where an insurance company failed to give notice with its
      plea of a defense of forfeiture on account of a breach of con-
    · dition with reference to additional insurance, as required by
      Cir. Ct. Rule No. 7 ( d ), of which additional insurance it at
      the time had notice, and no application to amend was made
      until plaintiff had closed his case, the refusal of the circuit
      judge to allow the amendment was a proper exercise of his
      discretion.

Error to Jackson; Chester, J., presiding. Submitted
October 20, 1898. Decided January 3, 1899.

*Assumpsit* by the First Baptist Church of Jackson
against the Citizens' Mutual Fire Insurance Company on
a policy of insurance. From a judgment for plaintiff on
verdict directed by the court, defendant brings error.
Affirmed.

*George S. Wilson* and *Blair, Smith & Townsend*,
for appellant.

*T. E. Barkworth*, for appellee.

MOORE, J. A church building belonging to plaintiff
was insured in the defendant company. It was burned
the 31st of May, 1897. Proof of loss was made to Mr.
Dodd, the adjuster of the company, and he issued a cer-
tificate of adjustment dated June 3, 1897, in which he
stated he found the loss to be $2,149, and that he had
adjusted plaintiff's claim against defendant at the sum
of $1,000.

In the application appears the question, "What other
insurance on the same?" The question was not answered.
The policy is a standard policy, and contains this clause:
"This policy is issued on written application by the assured,
which is hereby made a part of this policy. Other con-
current insurance permitted." The proofs of loss showed
there· was a policy of $500 insurance upon the property in
another company. The proofs of loss were filed with the

president, chairman of the executive board, and other officers of the company, about July 10, 1897. Upon that day the officers of the church met the officers of the company, and discussed the adjustment of the loss. No question was then raised as to the sufficiency of the proof, but it was claimed the insurance in another company, without the consent of defendant company, forfeited the policy. A special meeting of the board of directors was called in August with a view of coming to a final adjustment. Nothing was accomplished, and the matter was referred to the executive board for final action. The premium was not returned. On August 31st inquiry was made of the secretary of the company by the attorney for plaintiff whether he should go ahead and commence suit, or wait for the executive committee. The secretary told him he did not think the executive committee would do anything about it. Nothing was done by the executive committee, and this suit was commenced upon the policy to recover the loss, September 15, 1897. The defendant pleaded the general issue, without attaching thereto any notice whatever. The case was tried in December, 1897, and by direction of the court a verdict was rendered in favor of the plaintiff. It is claimed by defendant that, as it is a mutual company, the provisions of the charter and of the statute governing mutual insurance companies attach to the insurance policy issued by it, and that, by the terms of the charter and statute, the insurance does not come due until 60 days after proof of loss, and suit cannot be brought until 60 days after the loss becomes due. 3 How. Stat. § 4258. On the other hand, it is claimed that, as the policy was a standard policy, plaintiff was not a member of the company, or bound by its charter, or by the statute in question, and that suit might be brought, by the terms of the policy, any time when 60 days had elapsed after proof of loss. It is also claimed the defense could not be made under the pleadings.

The provisions of the policy in relation to the payment of the loss are as follows:

"The sum for which this company is liable pursuant to this policy shall be payable 60 days after due notice, ascertainment, estimate, and satisfactory proof of the loss have been received by this company in accordance with the terms of this policy."

The policy provides that, in case there is any disagreement about the amount of the loss, the amount may be determined by appraisers, and then reads:

" The loss shall not become payable until 60 days after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers, when appraisal has been required."

The policy also contains this condition:

" If this policy be made by a mutual or other company having special regulations lawfully applicable to its organization, membership, policies, or contracts of insurance, such regulations shall apply to and form a part of this policy, as the same may be written or printed upon, attached or appended hereto.

"This policy is made and accepted subject to the foregoing stipulations and conditions, together with such other provisions, agreements, or conditions as may be indorsed hereon or added hereto."

There is no suggestion in the policy that, in case the company failed to pay the loss when due, a suit at law could not be commenced until 60 days after the loss became due and payable, nor is there any reference in the policy to any such provision of the statute. The policy itself provides that all agreements affecting it shall be written or printed upon the policy itself. The refusal to pay was not put upon the ground that satisfactory proof of loss was not furnished, nor that the loss was not yet due and payable, but was based upon the contention that other insurance forfeited the policy. By the terms of the policy, the loss was payable 60 days after proof of loss. June 3, 1897, the adjuster of the company made a certificate that he had carefully examined the loss and the circumstances of the fire, and found claimant had suffered loss,

without fraud, to the amount of $2,149, and that he adjusted plaintiff's claim at $1,000. Attached to this certificate was a statement of the insurance upon the property, its amount, and the names of the companies having it. The refusal to pay was not put upon the ground that the loss did not occur, or that it was not due, but was based upon the contention there was a forfeiture of the policy. When questioned by the attorney for plaintiff whether he should commence suit, or wait for the executive committee, the attorney for plaintiff was informed by the secretary of the company that he did not think the executive committee would do anything. Under this state of facts, the court did not err in holding the suit was not prematurely brought. *O'Brien* v. *Insurance Co.*, 52 Mich. 131; *Gristock* v. *Insurance Co.*, 84 Mich. 161; *Lum* v. *Insurance Co.*, 104 Mich. 397.

It is also claimed on the part of defendant the policy was forfeited by reason of the insurance in another company, as permission for other insurance for a specific amount was not named on the policy. On the part of the plaintiff, it is claimed the words in the policy, "other concurrent insurance permitted," was a consent to the insurance which was obtained. The defense of forfeiture on account of a breach of the conditions, agreements, or representations of the policy or application therefor, in a suit upon a policy of insurance, may be waived. *Bonenfant* v. *Insurance Co.*, 76 Mich. 653; *Cleaver* v. *Insurance Co.*, 71 Mich. 414 (15 Am. St. Rep. 275); *Marthinson* v. *Insurance Co.*, 64 Mich. 372. Unless notice is given, with the plea, of such defense, it cannot be asserted upon the trial. Cir. Ct. Rule No. 7 (*d*); *Home Ins. Co.* v. *Curtis*, 32 Mich. 402; *Hann* v. *National Union*, 97 Mich. 513 (37 Am. St. Rep. 365).

The record shows that upon the trial defendant asked leave to amend its plea by giving notice of a forfeiture of the policy. It is claimed the court erred in its refusal to permit the amendment. As already appears, this suit was begun September 15th. Defendant then knew of the additional

insurance. It interposed its plea without indicating it intended to insist upon the defense of a forfeiture, and the trial was entered upon in December. It was not until after the plaintiff had closed its case that application was made to the court to allow the amendment. The proposed amendment would change the issue made by the pleadings. The judge, in the exercise of his judgment, refused to allow the amendment to be made. Under the circumstances of the case, we are not inclined to interfere with the discretion exercised by him. *Souvais* v. *Leavitt*, 53 Mich. 577; *Minnock* v. *Insurance Co.*, 90 Mich. 236.

Judgment is affirmed.

The other Justices concurred.