LUBETSKY v. STANDARD FIRE INSURANCE CO.

1. INSURANCE — COINSURANCE CLAUSE APPLICABLE ONLY WHERE BOTH POLICIES COVER SAME INTERESTS.
Where plaintiff took out insurance with defendant to protect his interest in premises he was buying on contract, and he had no interest in another policy on the property, he could recover the full amount of his loss notwithstanding his policy contained a coinsurance clause, since the provisions of said clause are applicable only to cases where the insurance covers the same interests.

2. SAME — INSURABLE INTEREST — POLICY PAYABLE TO OTHER PARTIES IMMATERIAL — CONSIDERATION.
The mere fact that both policies were made payable to other parties would not prevent plaintiff from recovering his own loss in his own name on defendant's policy, where he paid the consideration therefor, and it was issued in response to his application.

Error to Wayne; Davis (Frank D. M.), J., presiding. Submitted February 2, 1922. (Docket No. 9.) Decided March 30, 1922.

Assumpsit by Isadore Lubetsky against the Standard Fire Insurance Company of New Jersey on a policy of insurance. Judgment for plaintiff. Defendant brings error. Affirmed.

*Frederick J. Ward*, for appellant.

*Friedman & Meyers* (*Myron A. Schlissel*, of counsel), for appellee.

BIRD, J. In April, 1919, the People's National Fire Insurance Company issued to Henry F. Barnard a fire insurance policy in the sum of $2,000 on a frame dwelling house situate at 838 Beaubien street, in the

city of Detroit.    Upon that policy there was indorsed
the following provisions:

"It is understood and agreed that the within de-
scribed property is sold on contract to Morris Raskin
and resold by him to David Bernstein and Dora
Bernstein, his wife; loss, if any, payable first, to
assured; second, to Morris Raskin; and third to David
Bernstein and Dora Bernstein, his wife, as their re-
spective interests may appear."

In February, 1920, the Standard Fire Insurance
Company, defendant herein, issued a policy to Henry
F. Barnard, covering the same premises, in the sum
of $1,500, with the following indorsement:

"It is understood and agreed that the within de-
scribed property is sold on contract to Morris Raskin
and resold by him to David Bernstein and Dora Bern-
stein, his wife, and resold by them to Isadore Lubet-
sky, loss, if any, payable first, to the assured; secondly,
to Morris Raskin; thirdly to David Bernstein and Dora
Bernstein, his wife, and fourth to Isadore Lubctsky,
as their respective interests would appear."

The last mentioned policy contained the provision
that:

"This company shall not be liable for a greater
portion of any loss or damage than the amount here-
by insured should bear to the whole insurance covering
the property, whether valid or not, and whether col-
lectible or not."

In March, 1920, the dwelling house was damaged by
fire to the extent of $863.82.    Plaintiff demanded this
sum from defendant and it refused to pay, but offered
the sum of $370.21, taking the position that this sum
was its proportionate part of the loss under the co-
insurance clause above quoted.    Plaintiff refused to
accept this sum, claiming that defendant was liable
for the entire loss.    In the trial court plaintiff re-
covered the entire amount.

The question whether the provisions in the co-
insurance clause should apply to the present situation

depends on whether both policies were on the same property, on the same interest in the property, against the same risks, and payable to the same parties. 19 Cyc. p. 842.

There can be no question that both policies cover the same property, but we think it is equally clear that they did not both cover the same interest in the property. Neither were they both payable to the same parties. The plaintiff was not mentioned in the first policy. He had no contract relations with the People's National Fire Insurance Company, but did have with the defendant. It appears the loss was wholly plaintiff's loss, as he had possession and after the fire repaired the dwelling house. It further appears that he took out the insurance to protect his own interest, and paid the premium therefor, and if he cannot now recover the loss from defendant he must bear most of it himself.

The rule applicable in such cases is stated in 14 R. C. L. p. 1310:

"A provision in a policy that in case of any other insurance on the property insured made prior or subsequent to the policy, the assured shall be entitled to recover no greater proportion of the loss than the sum insured bears to the whole amount so insured therein, applies only to cases where the insurance covers the same interests, and can have no application to insurance obtained upon another distinct insurable interest in the property, citing *Traders' Ins. Co.* v. *Pacaud,* 150 Ill. 245 (37 N. E. 460, 41 Am. St. Rep. 355) ; *Home Ins. Co.* v. *Koob,* 113 Ky. 360 (68 S. W. 453, 58 L. R. A. 58, 101 Am. St. Rep. 354) ; *Ætna Fire Ins. Co.* v. *Tyler,* 16 Wend. (N. Y.) 385 (30 Am. Dec. 90) ; *Niagara Fire Ins. Co.* v. *Scammon,* 144 Ill. 490 (28 N. E. 919, 32 N. E. 914, 19 L. R. A. 114)."

In the case last cited it was said:

"It appears from the evidence that the loss upon the property covered by this policy was $6,500, and that the insurance upon the premises destroyed was $10,000, *i. e.,* $5,000 insured by the Scammon policy,

and $5,000 insured by the Babcock policy. It is claimed that it was error in the trial court to refuse to hold as law applicable to the case the following proposition: 'It appearing from the evidence that the amount of insurance upon the property described in the policy at the time of the loss was $10,000, and that the policy in suit was for $5,000, the plaintiff cannot in any event recover in this action more than one-half of the amount of such loss.' Said proposition of law was predicated upon a provision contained in the policy sued on that, 'if there shall be other insurance upon the property, the insured shall not be entitled to demand or recover of this company any greater portion of the loss or damage sustained than the amount hereby insured shall bear to the whole amount of such contracts or agreements for insurance.' It is to be noted that the provision for an apportionment is only to become operative 'if there shall be other insurance upon the property;' and, as we have seen, insurance which is obtained by a third person, and upon another distinct and insurable interest, cannot be regarded as 'other insurance.' We understand the rule to be that a provision for apportionment of loss if there is other insurance applies only to cases where the insurance covers the same interest."

See, also, 4 Joyce on Insurance, § 2490; 4 Cooley's Briefs on Insurance, p. 3105; *Johnson* v. *Insurance Co.*, Holmes (U. S.), 117 (13 Fed. Cas. 776); *Fox* v. *Insurance Co.*, 52 Me. 333.

The mere fact that both policies were made payable to other parties would not prevent plaintiff from recovering his own loss in his own name on defendant's policy, as he paid the consideration therefor, and it was issued in response to his application. *Traders' Ins. Co.* v. *Pacaud, supra.*

We are in accord with the conclusions reached by the trial court, and the judgment will be affirmed.

FELLOWS, C. J., and WIEST, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.