McCOY *v.* CONTINENTAL INSURANCE COMPANY.

1. INSURANCE—VENDOR AND PURCHASER—PAYMENT OF PREMIUM.
   If a vendor obtain fire insurance on his own account and the premium is not paid by or charged to the purchaser the latter cannot claim the benefit of a payment of the insurance.

2. SAME—VENDOR AND PURCHASER—SUBROGATION.
   If a policy of fire insurance obtained by the vendor contains no stipulation for subrogation in case of payment to the vendor and there is any arrangement between the vendor and purchaser, either verbal or written, by which the purchaser becomes liable to pay for the insurance, the purchaser is entitled to the benefit thereof and to have it applied in liquidation of the contract debt *pro tanto* independently of the fact that he has paid for the insurance, especially if the insurer has received the premium knowing it is paid by the purchaser, or for him.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 5] 55 Am Jur, Vendor and Purchaser, § 403.
[1, 2, 5, 9, 10] Rights of vendor and purchaser *inter se* in respect of proceeds of insurance. 37 ALR 1324; 40 ALR 607; 51 ALR 929.
[2, 5, 9, 10] 55 Am Jur, Vendor and Purchaser, §§ 402, 404.
[4] 29 Am Jur, Insurance, § 345.
[7] 41 Am Jur, Pleading, §§ 81, 110.
[8] 34 Am Jur, Limitation of Actions, §§ 260, 261; 41 Am Jur, Pleading, § 304.
[9, 10] 29 Am Jur, Insurance, § 1335.

3. SAME—COINSURANCE.

   Whether or not coinsurance clauses apply depends upon whether both policies were on the same property, on the same interest in the property, against the same risks and payable to the same parties.

4. SAME—VENDOR AND PURCHASER—INTERESTS.

   The vendor and the vendee, respectively, in a land contract have separate and distinct insurable interests.

5. SAME—VENDOR AND PURCHASER—COINSURANCE.

   Under policy of fire insurance, obtained by the vendor under a land contract, containing a subrogation clause and which was not paid for, or arranged to be paid for by the purchaser, the purchaser has no rights, hence, his insurer may not invoke the pro rata clause in its policy against the vendor's insurance, since the latter relates to a separate and distinct insurable interest.

6. SAME—FIRE INSURANCE—DIFFERENT INTERESTS IN SAME PROPER-TY—PRO RATA CLAUSES.

   Where several fire insurance policies cover different interests in the same property, loss may not be prorated among the insurers.

7. EQUITY—PLEADING—CHARACTER OF BILL.

   It is the stating part of a bill of complaint, rather than its prayer for relief, that determines its character.

8. SAME—AMENDMENT OF BILL—STATUTE OF LIMITATIONS—REF-ORMATION OF INSTRUMENTS.

   Amendment to bill of complaint in suit to enforce payment under fire insurance policies, whereby, after period for commencement of a cause of action had expired by reason of statute of limitations and provision of policy, policy was reformed to provide that plaintiff, as purchaser under land contract, be an insured under policy taken out and paid for by the vendor, was improperly allowed since the amendment introduced a new cause of action (CL 1929, § 12572).

9. INSURANCE—FIRE INSURANCE—INDORSEMENT OF POLICY—VENDOR AND PURCHASER.

   Where land contract purchaser's original bill of complaint in suit to enforce payment under fire insurance policies showed appellant insurer to have issued a policy of fire insurance to vendor which was paid for by the latter and attempt to indorse purchaser as an insured had not been completed before loss by fire occurred, the purchaser was not entitled to have

the benefit of the payment by such insurer to the vendor cred-
ited upon amount due under land contract to such vendor.

10. Same—Vendor and Purchaser—Subrogation.

Where land contract vendors had procured fire insurance payable
to them and purchasers had procured fire insurance payable to
both vendors and purchasers, and upon occurrence of loss
vendors' insurer paid vendor amount due under contract to
vendors and was subrogated to vendors' rights against pur-
chasers, such insurer was entitled to be paid the full face
amount of policies of insurance procured by purchasers, where
such face amount was less than amount of loss, up to amount
due on contract and balance, if any, was payable to plaintiff
purchasers.

Appeal from Huron; Boomhower (Xenophon A.),
J. Submitted June 16, 1949. (Docket No. 67, Calen-
dar No. 44,455.) Decided December 7, 1949.

Bill by Ira D. McCoy and wife against Continental
Insurance Company and others for determination
of liability of defendants to plaintiffs under various
insurance policies. Decree for plaintiffs. Defend-
ant Continental Insurance Company appeals. Re-
versed.

*Thomas R. McAllister,* for plaintiffs.

*Smith & Smith* (*Laurence D. Smith,* of counsel),
for defendant Continental Insurance Company.

*Cashan P. Head,* for defendant Detroit Fire &
Marine Insurance Company and Hartford Fire In-
surance Company.

Dethmers, J. Plaintiffs filed a bill of complaint
alleging that they had entered into a contract to pur-
chase a house and lot from defendants, the Pollacks;
that the house was at that time insured by defendant,
the Continental Insurance Company, hereinafter

called Continental, under a $5,500 insurance policy previously issued to Pollacks whom the plaintiffs thereupon reimbursed in the amount of the unearned premium thereon; that the land contract required plaintiffs, as vendees, to keep said house insured against loss by fire in the name of the vendors and provided that upon plaintiffs' failure to do so the vendors might have the house insured, pay the premium and add the amount thereof to the balance due on the contract; that when said policy expired about 2 years later Continental issued a renewal policy in the name of Pollacks as the insured; that after execution of the land contract plaintiffs procured a $3,500 fire insurance policy from defendant Detroit Fire & Marine Insurance Company and one for $1,500 from defendant Hartford Fire Insurance Company covering said house, both policies containing loss payable clauses in favor of the Pollacks as vendors; that while the 3 policies last above mentioned were in force the house was destroyed by fire, occasioning a $6,500 loss; that the Detroit and the Hartford companies admitted partial liability to plaintiffs, but contended that the 3 insurance companies should bear the loss of Pollacks and plaintiffs ratably in proportion to the face amounts of their respective policies; that Continental denied that plaintiffs were entitled to benefit under its policy and that thereupon it paid Pollacks the balance due them from plaintiffs on the land contract, *viz.*, $5,127.04 and took from Pollacks an assignment of the contract, in accord with a subrogation clause contained in the Continental policy, and thereafter, as holder of the vendors' interest, demanded that plaintiffs continue payments on the contract to Continental without any credit thereon on account of the Continental insurance policy; that plaintiffs were, under the terms of the contract, liable for the premiums on all 3 policies and that each should contrib-

ute to payment of plaintiffs' loss.  Plaintiffs' bill concluded with a prayer that the court determine the respective rights and liabilities of all the parties to each other, that Continental be required to credit plaintiffs on the contract with its pro rata share of the loss under its policy and that plaintiffs have such other and further relief as may be agreeable to equity.

Plaintiffs' suit was commenced within the 12-month period after liability accrued limited by statute (CL 1929, § 12572 [Stat Ann § 24.422]) and the provisions of the Continental policy.  The trial, however, began some 21 months after liability accrued. Plaintiffs offered proofs to show that the original Continental policy had been indorsed to disclose and protect plaintiffs' vendees' interest.  During the trial plaintiffs sought to amend their bill of complaint to conform to proofs to the effect that Pollacks had instructed Continental's local agent to obtain such an indorsement on the renewal policy and that the agent had sent Continental a written application therefor prior to the fire, and that it had been intended by Pollacks and Continental's agent thereby to extend coverage of the policy to plaintiffs' interest.  The trial court permitted the amendment, which included a prayer that Continental's renewal policy be reformed to make plaintiffs the insured therein with a loss payable clause in favor of the Pollacks.  From decree for plaintiffs in effect reforming Continental's renewal policy and requiring the 3 insurance companies to bear the $6,500 loss pro rata and requiring Continental to credit its pro rata share of the loss upon the land contract, Continental appeals.

In their original bill plaintiffs clearly relied upon Continental's renewal policy as written, with the Pollacks named therein, as the assured, with the plaintiffs' interest not mentioned therein, and with

a subrogation clause in favor of the insurer. Plaintiffs admit that they did not know of the existence of said policy prior to the fire. The original bill alleges no express agreement between Pollacks and plaintiffs concerning this particular policy. Plaintiffs' brief intimates that under Continental's renewal policy as written, with no mention of plaintiffs' interest, plaintiffs would not have been liable for the premium thereon, and suggests that Pollacks' instructions to Continental's agent to indorse the policy to cover plaintiffs' interest were given for the sole purpose of making plaintiffs liable for the premium.

In *Pendleton* v. *Elliott,* 67 Mich 496, a policy taken out by a mortgagee was held to inure to the benefit of the mortgagor because of an express finding of facts that the policy contained no subrogation clause, that the mortgagee's application for the policy had stated in his own handwriting that the premiums were to be paid by the mortgagor, that some of the premiums had been paid by the mortgagor, that the insurance company had accepted payment of other premiums from the mortgagee knowing that they were made for the mortgagor, and that there had been an understanding from the beginning between the mortgagor and mortgagee, with knowledge of the insurance company, that the policy was to cover the mortgagor's interest as well as the mortgagee's. Such are not the facts before us. In the *Pendelton Case,* this Court said, however:

"The law is well settled that if the mortgagee obtain insurance on his own account, and the premium is not paid by or charged to the mortgagor, he cannot claim the benefit of a payment of the insurance. *Concord Union Mutual Fire Insurance Co.* v. *Woodbury,* 45 Me 447; *White* v. *Brown,* 2 Cush (Mass) 412; *Stinchfield* v. *Milliken,* 71 Me 567."

Then, in consideration of its findings of facts as above noted, which facts do not exist in the instant case, this Court went on to say:

"If, however, the policy contains no stipulation for subrogation in case of payment to the mortgagee, and there is any arrangement between the mortgagor and mortgagee, either verbal or written, by which the mortgagor becomes liable to pay for the insurance, he is entitled to the benefit thereof, and to have it applied in liquidation of the mortgage debt *pro tanto;* and his right in this respect does not depend upon the fact that he has paid for the insurance, nor whether the mortgagee procured the insurance intending to look to the mortgagor for reimbursement of the premium, but it depends upon whether he is liable to the mortgagee therefor under any agreement, express or implied. And in such case, if the insurer receives the premium knowing it is paid by the mortgagor, or for him, he will not, in the absence of a stipulation therefor in the policy, be entitled to be substituted to the rights of the mortgagee against the mortgagor. *Kernochan* v. *New York Bowery Fire Insurance Co.,* 17 NY 428, 441; *Cone* v. *Niagara Fire Insurance Co.,* 60 NY 619, 624."

The quoted language is persuasive of the conclusion that had the facts in the *Pendleton Case* been as in the case at bar, decision would have been contrary to the one actually rendered.

In *Lubetsky* v. *Standard Fire Insurance Co.,* 217 Mich 654, insurance company 'A' issued a fire insurance policy to a vendor in a land contract with loss payable first to him and then to certain vendees, as their respective interests might appear. Subsequently, the interest of the vendees was assigned to plaintiff, who then took out a policy with defendant company with loss payable to the vendor, then to said vendees and, finally, to plaintiff, as their respective interests might appear. After a fire loss, plain-

tiff demanded payment thereof by defendant. Defendant refused to pay in full, insisting that under a coinsurance clause contained in its policy it was liable only to bear its proportionate share of the loss, the balance to be borne by company 'A'. In affirming judgment for plaintiff this Court said:

"The question whether the provisions in the coinsurance clause should apply to the present situation depends on whether both policies were on the same property, on the same interest in the property, against the same risks, and payable to the same parties. 19 Cyc, p 842.

"There can be no question that both policies cover the same property, but we think it is equally clear that they did not both cover the same interest in the property. Neither were they both payable to the same parties. The plaintiff was not mentioned in the first policy. He had no contract relations with the People's National Fire Insurance Company, but did have with the defendant. * * *

"The rule applicable in such cases is stated in 14 RCL, p 1310:

" 'A provision in a policy that in case of any other insurance on the property insured, made prior or subsequent to the policy, the assured shall be entitled to recover no greater proportion of the loss than the sum insured bears to the whole amount so insured therein, applies only to cases where the insurance covers the same interests, and can have no application to insurance obtained upon another distinct insurable interest in the property,' citing *Traders' Ins. Co.* v. *Pacaud,* 150 Ill 245 (37 NE 460, 41 Am St Rep 355); *Home Insurance Company of New York* v. *Koob,* 113 Ky 360 (68 SW 453, 58 LRA 58, 101 Am St Rep 354); *Aetna Fire Ins. Co.* v. *Tyler,* 16 Wend (NY) 385 (30 Am Dec 90); *Niagara Fire Ins. Co.* v. *Scammon,* 144 Ill 490 (28 NE 919, 32 NE 914, 19 LRA 114)."

The *Lubetsky Case* was relied upon and followed under somewhat different circumstances in *Dietzel v. Patrons' Mutual Fire Insurance Company*, 232 Mich 415. The vendor and the vendee, respectively, in a land contract have separate and distinct insurable interests. *Hamilton v. Dwelling House Insurance Company*, 98 Mich 535 (22 LRA 527); *First State Savings Bank of Croswell v. National Fire Insurance Company of Hartford, Conn.*, 244 Mich 668.

As distinguished from the facts in the *Pendleton Case* the Continental policy contained a subrogation clause so that it could not have been intended to be for the benefit of plaintiffs; nor does it appear from the allegations in plaintiffs original bill that there was an arrangement between vendor and vendee concerning this specific policy or that plaintiffs had paid or were liable for the premium or that the insurer had accepted premiums knowing that they were paid by or for the vendee.

Inherent in our holding that the vendee's insurer had no right to prorate the loss with vendor's insurer in the *Lubetsky Case,* and prerequisite to it, was a holding that the vendee had no rights against the vendor's insurer. Had the vendee possessed such rights his insurer could have invoked the pro rata clause in its policy as against the vendor's insurance. The situation in the instant case, as alleged in plaintiffs' original bill, is like that in the *Lubetsky Case* in that the policies were on the same property and against the same risks but on different interests and payable to different parties, there was no privity of contract between plaintiffs' and Continental, and its policy contained a subrogation clause, for all of which reasons the policy did not inure to plaintiffs' benefit. Consequently, applying the rule in the *Lubetsky Case,* the coinsurance or pro rata clauses contained in the policies of the Detroit and

Hartford companies covering plaintiffs' interest in the property have no application to the Continental insurance issued upon Pollacks' separate and distinct insurable interest.

Plaintiffs' brief concedes that where several fire insurance policies cover different interests in the same property loss may not be prorated among the insurers, but plaintiffs seek to meet that proposition and the further one that the policy, as taken out by Pollacks, as written by Continental, and as relied upon in plaintiffs' original bill, could not inure to plaintiffs' benefit by insisting that those 2 propositions have no application to the facts here because the Pollacks prior to the fire instructed Continental's agent, and the agent, in turn, agreed to cause the renewal policy to be indorsed to cover plaintiffs' interest in the property with the result that all the policies covered the same interests and therefore inured to the benefit of both vendor and vendee. This theory of plaintiffs is not to be found in their original bill, which relied on Continental's renewal policy as actually written, but is first expressed in their amended bill, filed 21 months after liability accrued, which relied on a policy reformed as prayed for by plaintiffs. It is not enough for plaintiffs to say that their original bill was broad enough to cover redress on a reformed policy merely because the bill contained a prayer for general relief, inasmuch as that fact could not operate to alter the cause of action stated in plaintiffs' bill. It is the stating part of a bill, rather than its prayer for relief, that determines its character. *Raniak* v. *Pokorney*, 198 Mich 567.

Inasmuch as plaintiffs' original bill did not, for the reasons above noted, state a cause of action against Continental, the amendment, if it sufficed to cause the bill to state such cause of action, amounted to the introduction of a cause of action which, at the time of its introduction by the amendment, was

barred by the statute and terms of the policy. The amendment was, therefore, improperly allowed. *Wingert* v. *Wayne Circuit Judge,* 101 Mich 395; *Flint & Pere Marquette R. Co.* v. *Wayne Circuit Judge,* 108 Mich 80; *Bockoff* v. *Curtis,* 241 Mich 553; *O'Rourke* v. *Deffenbaugh,* 280 Mich 407. The case must, therefore, be considered on the basis of plaintiffs' original bill. On that basis plaintiffs are not entitled to recover from Continental.

Decree reversed. A decree may enter in this Court dismissing plaintiffs' bill of complaint as against the defendant Continental Insurance Company and requiring the defendants Detroit Fire & Marine Insurance Company and Hartford Fire Insurance Company to pay the full face amount of the policies issued by them, or such lesser sum as may now be due Continental on said land contract, to Continental, to be credited by it upon plaintiffs' liability on said contract, and the balance, if any, to plaintiffs. Continental will recover costs in both courts against plaintiffs and defendants Detroit Fire & Marine Insurance Company and Hartford Fire Insurance Company.

Sharpe, C. J., and Bushnell, Boyles, Reid, North, Butzel, and Carr, JJ., concurred.