STATE FARM FIRE AND CASUALTY COMPANY v FARMERS
INSURANCE EXCHANGE

1. INSURANCE—FIRE INSURANCE—NOTICE CLAUSE—PURPOSE—KNOWL-
EDGE—ACTUAL NOTICE—MORTGAGEE—INSURER.

The purpose of a clause in a fire insurance policy providing that
the mortgagee of the home shall notify the insurer of any
change of ownership or occupancy which shall come to the
knowledge of the mortgagee was fulfilled where the insurer was
given actual notice of a change in ownership, even though the
mortgagee did not provide such notice.

2. INSURANCE—FIRE INSURANCE—FORFEITURES—INSURERS—CANCELLA-
TION NOTICES—ACTUAL NOTICE.

An insurer waived its right to declare an immediate cancellation
and forfeiture of fire insurance coverage on a home that was
damaged by fire 25 days after a cancellation notice was issued
by the insurer after the mortgagee failed to notify the insurer
of a change in the ownership of the insured property as
provided in the contract where the insurer received actual
notice of a change of ownership and instead of issuing an
immediate notice of cancellation it issued a notice with a
cancellation date set for 35 days from issuance of the notice.

3. INSURANCE—INSURERS—CONTRIBUTION—INSURERS OF SAME PROP-
ERTY.

An insurer may recover contribution from another insurer of the
same property where it has paid the full amount of a loss even
though its obligation was only to pay the proportion of the loss
that the amount insured by such insurer bore to the whole
insurance on the property.

4. INSURANCE—FIRE INSURANCE—STANDARD POLICY—PRO RATA LIA-
BILITY—INSURERS OF SAME PROPERTY—UNJUST ENRICHMENT—
STATUTES.

The standard fire insurance policy in Michigan requires only pro

REFERENCES FOR POINTS IN HEADNOTES
[1] 43 Am Jur 2d, Insurance § 1061 et seq.
[2] 43 Am Jur 2d, Insurance §§ 404–415.
[3] 44 Am Jur 2d, Insurance §§ 1807–1817.
[4] 44 Am Jur 2d, Insurance §§ 1808, 1809.
[5] 44 Am Jur 2d, Insurance § 1820 et seq.

rata liability where there are two insurance policies covering the same property; an insurer which does not contribute its portion of the claim is unjustly enriched under such a statutorily mandated policy where another insurer of the same property pays the full amount of an insurance claim on the property and where each insurer was legally obligated to pay one-half of the claim (MCLA 500.2832; MSA 24.12832).

5. Insurance—Insurer's Subrogation—Contribution—Insurers of Same Property—Declaratory Judgments—Public Policy—Statutes.

The legislative intent expressed in the statute regarding an insurer's right of subrogation from a third party favors contribution to an insurer who pays all of an insurance claim on property insured by two insurers where the insurer which has paid would have been entitled to an order declaring the other insurer liable for one-half of the damages if it had sought a declaratory judgment prior to payment; since public policy favors the prompt payment of insurance claims, no different result follows from the payment to the insured prior to seeking a judicial determination of the right to contribution (MCLA 500.2836[4]; MSA 24.12836[4]).

Appeal from Oakland, John N. O'Brien, J. Submitted October 19, 1977, at Detroit. (Docket No. 77-244.) Decided January 5, 1978.

Complaint by State Farm Fire and Casualty Company against Farmers Insurance Exchange for contribution for 50% of a settlement paid for damages resulting from a fire on premises insured by both plaintiff and defendant. Judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Draugelis, Ashton & Scully* (by *David T. Rogers*), for plaintiff.

*Davies & Rudzki* (by *William V. Taylor, II*), for defendant.

Before: T. M. BURNS, P. J., and R. B. BURNS and W. R. BROWN,* JJ.

W. R. BROWN, J. This is an action for contribution for 50% of the damages sustained to premises insured by both plaintiff and defendant. The parties agreed on a stipulated statement of facts and plaintiff thereupon moved for summary judgment. This motion was denied and judgment was entered against plaintiff and dismissal was ordered on January 10, 1977. Plaintiff claims an appeal as of right.

The owners and mortgagors of a home purchased a policy of fire insurance from Farmers Insurance Exchange naming a mortgage company as the loss payable party. The property was later conveyed by warranty deed filed February 27, 1973. The mortgage company agreed to the assumption of the mortgage by the new owner on March 10, 1973, but did not notify Farmers of the change of ownership. The new owners obtained a policy of insurance from State Farm Fire and Casualty Company, effective March 14, 1973, and the same mortgage company named as mortgagee-insured in the first policy issued by Farmers was designated as the mortgagee-insured in the policy issued by State Farm. Although Farmers was not notified of the change of ownership by the mortgagee, it did receive actual notice and issued a notice of cancellation on March 1, 1973, with a cancellation date of April 5, 1973. The notice of cancellation also provided for a partial refund of the premium. On March 28, 1973, the insured property was damaged by fire. Both plaintiff and defendant investigated the loss but Farmers rejected the claim. State Farm adjusted the loss, made

---

* Circuit judge, sitting on the Court of Appeals by assignment.

payment to the mortgagee, and thereafter sought contribution from Farmers.

The policy reads in relevant part as follows:

"[T]his insurance as to the interest of the mortgagee * * * shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee [or trustee] shall, on demand, pay the same.

"Provided also, that the mortgagee [or trustee] shall notify this Company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of said mortgagee [or trustee] and, unless permitted by this policy, it shall be noted thereon and the mortgagee [or trustee] shall, on demand, pay the premium for such increased hazard for the term of the use thereof, otherwise this policy shall be null and void."

The trial court held that the actual notice to Farmers of the change of ownership did not obviate the requirement of notice from the mortgagee and thus held the policy null and void. We reverse.

With actual notice of the change of ownership, the purpose of this clause was fulfilled. Farmers was apprised of any increase in hazard caused by the change of ownership and occupancy. Even though apprised of this change, pursuant to which it issued a notice of cancellation on March 1, 1973, Farmers did not opt for immediate cancellation, but extended the coverage to April 5, 1973. By so doing, Farmers waived its right to declare an immediate cancellation and forfeiture of coverage. See *First Baptist Church of Jackson v Citizens'*

*Mutual Fire Insurance Co,* 119 Mich 203, 207; 77 NW 702 (1899). See also *Serbinoff v Wolverine Mutual Motor Insurance Co,* 242 Mich 394, 400–401; 218 NW 776 (1928). Having done so, Farmers may not escape liability "by the simple expedient of a retroactive, *nunc pro tunc* termination of coverage". *Kaczmarck v La Perriere,* 337 Mich 500, 506; 60 NW2d 327 (1953).

A reversal on the ground stated above still leaves unanswered whether plaintiff can recover contribution. It is generally held that an insurer may not recover contribution where it has paid the full amount of a loss even though its obligation is only to pay the proportion of the loss that the amount insured by such insurer bears to the whole insurance on the property. 44 Am Jur 2d, Insurance, § 1818, p 743. One authority regards this as the majority rule. 16 Couch on Insurance 2d, § 62:157, pp 568–569. We decline to follow this rule and instead hold that contribution may be obtained in Michigan.

By statute, the standard fire insurance policy in Michigan requires only pro rata liability where there are two insurance policies covering the same property. MCLA 500.2832; MSA 24.12832. Under this statutorily mandated policy, plaintiff and defendant were each legally obligated to pay only one-half of the claim and defendant was unjustly enriched by plaintiff's payment of the full claim. However, MCLA 500.2836(4); MSA 24.12836(4) gives a statutory right of subrogation that includes contractual as well as tort rights of action. We believe the legislative intent expressed in this latter statute favors contribution in this situation. Had plaintiff sought a declaratory judgment prior to payment, it would have been entitled to an order declaring Farmers liable for half of the

damages and State Farm liable for half of the damages. See *Horr v Detroit Automobile Inter-Insurance Exchange,* 379 Mich 562, 566–567; 153 NW2d 655 (1967). Believing as we do that public policy should favor prompt payment of insurance claims, we hold that no different result follows from the payment to the insured prior to seeking a judicial determination of the right to contribution.

Reversed and remanded for proceedings not in-consistent with this opinion.