ROOT v THE HAMILTON MUTUAL INSURANCE COMPANY

Docket No. 45923. Submitted November 17, 1980, at Detroit.—Decided
June 18, 1981.

A. Z. Root and his wife Maritina Root sold a house to Michael Lea
under a land contract. The Roots had the property insured
under a homeowners' policy issued by Hamilton Mutual Insur-
ance Company, under which the mortgagee was also listed
under a standard mortgage clause, and Michael Lea had a fire
insurance policy issued by Republic Insurance Company under
which Maritina Root was listed as vendor under a contract of
sale clause. The house was destroyed by fire, and the Roots
signed a proof of loss form which set the amount of the loss at
$21,000 plus $505 for temporary repairs. Hamilton paid
$10,967.55 to the Roots and informed them that Republic would
be liable for the remainder of the loss under a contract of sale
clause in the policy issued to Michael Lea. The Roots recovered
$17,292.19 from Republic, representing the balance due on the
land contract on the date of the fire plus interest. The Roots
then demanded an additional $10,967.55 from Hamilton, claim-
ing that it was obligated to pay the full amount of the loss
under its policy. Upon Hamilton's refusal to pay the additional
amount, the Roots filed suit in Oakland Circuit Court to re-
cover the requested amount. The court, Bernard L. Kaufman,
J., held that plaintiffs were entitled, as a matter of law, to
judgment against Hamilton because the two insurance policies
insured separate interests of plaintiffs because they were mort-
gagors under the Hamilton policy and land contract vendors
under the Republic policy. The court concluded that the prora-
tion clause in the Hamilton policy did not apply since separate
interests were insured. Hamilton appeals. *Held:*

Insurable interest is not determined by the label attached to
the insured's property right, but by whether he will suffer a
pecuniary loss due to destruction of the property. The plaintiff's
insurable interest consisted of their financial stake in the
property and constituted a single interest. Both policies insured
this financial interest, although each attached a different label

REFERENCE FOR POINTS IN HEADNOTE
43 Am Jur 2d, Insurance § 460.

to it. Both policies covered the same property against the risk of loss due to fire and benefits were payable to plaintiffs under each. The proration clause is applicable.

Reversed.

INSURANCE — FIRE INSURANCE — INSURABLE INTEREST.

Insurable interest in a fire insurance policy is not determined by the label attached to the insured's property right, but by whether he will suffer a pecuniary loss due to destruction of the property.

*Allen C. Ingle,* for plaintiffs.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Antonia F. Grinnan),* and *Gromek, Bendure & Thomas* (by *Nancy L. Bosh),* of counsel, for defendant.

Before: N. J. KAUFMAN, P.J., and R. B. BURNS and J. W. WARREN,* JJ.

PER CURIAM. Defendant Hamilton Mutual Insurance Company (Hamilton) appeals as of right from a circuit court order granting summary judgment in favor of plaintiffs in the amount of $10,032.45.

This controversy arose following a fire which destroyed a single-family home in Farmington Hills on May 2, 1975. On that date, plaintiffs had legal title to the house subject to a mortgage held by Peoples Federal Savings & Loan Association and also subject to the interest of land contract vendee Michael Lea. The house had been sold to Lea on a land contract in February, 1975, and he was living there at the time of the fire.

Two insurance policies providing fire coverage on the premises were in effect when the blaze occurred. One was a homeowners' policy issued by defendant Hamilton in which plaintiffs were the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

named insureds and the interest of the mortgagee, Peoples Federal, was insured pursuant to a standard mortgage clause. The other policy was a fire policy issued by Republic Insurance Company (Republic) to Michael Lea which insured his interest in the property and contained a contract of sale clause providing that the interest of the land contract vendor (listed as Maritina Root) was also insured.

Plaintiffs signed a proof of loss form which set the amount of the loss at $21,000 plus temporary repairs of $505. Defendant informed plaintiffs that it was liable for only one-half of the amount, or $10,967.55, and that Republic would be liable for the other half. Defendant issued a check for that amount payable to plaintiffs and Peoples Federal. Plaintiffs subsequently filed suit against Republic and recovered $17,292.19, representing the balance due on the land contract on the date of the fire, plus interest. The award was affirmed by this Court in *Root v Republic Ins Co,* 82 Mich App 446; 266 NW2d 842 (1978).

In a letter to defendant Hamilton dated April 19, 1977, plaintiffs demanded that Hamilton pay an additional $10,967.55, claiming that it was obligated to pay the full amount of the loss under the policy. When Hamilton refused, plaintiffs brought an action to recover the requested amount. Hamilton filed a third-party complaint against Republic, seeking indemnification in the event that it was found liable to plaintiffs. Third-party defendant Republic then filed a counterclaim against defendant Hamilton, requesting contribution for the amount Republic had paid plaintiffs on its policy. Defendant Hamilton counterclaimed against plaintiffs, alleging conversion, negligent misrepresentation, fraud, and unjust enrichment based upon mutual mistake.

All of the parties brought motions for summary judgment and, in a judgment dated August 1, 1975, the court held:

"1. That plaintiffs, as a matter of law, are entitled to a judgment against defendant, Hamilton Mutual Insurance Company, in the amount of $10,032.45 plus interest * * *.

"2. That judgment of no cause for action be hereby entered in favor of plaintiff on defendant, Hamilton's counterclaim.

"3. That defendant, Republic Insurance Company, have judgment of no cause for action against Hamilton Mutual Insurance Company."

After this order was filed, the two insurers filed stipulations whereby each agreed to the dismissal of its claims against the other.

Defendant Hamilton contends in this appeal that it was only liable to plaintiffs, if at all, for its pro rata share of the loss. This argument is based on the standard proration clause in the policy, which reads as follows:

"This Company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not."

The policy issued by Republic contained a similar clause.

Plaintiffs argue that the proration clause did not apply because the two insurance policies were not payable to the same parties and did not cover the same interests. They rely on *Lubetsky v Standard Fire Ins Co,* 217 Mich 654, 655-656; 187 NW 260 (1922), in which the Supreme Court held:

"The question whether the provisions in the co-insur-

ance clause should apply to the present situation depends on whether both policies were on the same property, on the same interest in the property, against the same risks, and payable to the same parties."

The trial court found that the two policies insured separate interests of plaintiffs because they were mortgagors under the Hamilton policy and land contract vendors under the Republic policy and concluded that the proration clause did not apply. We find this reasoning to be erroneous.

Insurable interest is not determined by the label attached to the insured's property right, but by whether he will suffer a pecuniary loss due to destruction of the property. *Crossman v American Ins Co of Newark, N J*, 198 Mich 304; 164 NW 428 (1917). In the present case, the plaintiffs' insurable interest consisted of their financial stake in the property and constituted a single interest. Both policies insured this financial interest, although each attached a different label to it. Both policies covered the same property against the risk of loss due to fire and benefits were payable to plaintiffs under each. It is our opinion that the proration clause was applicable under the *Lubetsky* standard.

Reversed. Costs to defendant.