**RELIANCE INSURANCE COMPANY, Individually and as Subrogee of Jewish Federation Apartments, Phase IV, Incorporated, Plaintiff–Appellant,**

v.

**LIBERTY MUTUAL FIRE INSURANCE COMPANY, Defendant–Appellee.**

No. 93–1125.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 3, 1993.

Decided Jan. 14, 1994.

Robert G. Kamenec (argued and briefed), Plunkett & Cooney, Detroit, MI, for plaintiff-appellant.

Sandra A. Prokopp, Beresh & Prokopp, Novi, MI, Andrew J. Haliw, III (briefed), Nanette L. Korpi (argued), Haliw, Siciliano & Mychalawych, Farmington Hills, MI, for defendant-appellee.

Before: JONES and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.

SUHRHEINRICH, Circuit Judge.

Plaintiff Reliance Insurance Company ("Reliance") has sued defendant Liberty Mu-

tual Fire Insurance Company ("Liberty") seeking a declaratory judgment of Liberty's liability arising out of a fire which destroyed a building both companies insured. The district court, on the parties' cross-motions for summary judgment, entered summary judgment in favor of Liberty. Reliance filed a timely notice of appeal and we **AFFIRM**.

## I.

The Jewish Federation Apartments ("JFA") and DeMaria Building Company ("DeMaria") entered into a construction contract for the building of an apartment complex. This contract provided that JFA and DeMaria agreed to waive "all rights against . . . each other . . . for damages caused by fire . . . to the extent covered by property insurance obtained pursuant to the [agreement.]" The contract further provided that JFA would purchase "an all risk policy and would insure against the perils of fire." Despite this contractual allocation of risks, both JFA and DeMaria purchased "builder's risks" policies to cover the complex during the construction period. JFA purchased its policy from Reliance and DeMaria purchased its policy from Liberty. Neither named the other as an additional insured or loss payee.

On August 11, 1989, a fire partially destroyed the complex, causing approximately $182,000 in damages. Both parties reported the loss to their respective insurers. Both insurers investigated the incident and determined that losses were payable. Reliance paid JFA's claim in the amount of $181,347.68 and, apparently, JFA used the proceeds to fund repairs. Because JFA, by contract, made good the losses, DeMaria informed Liberty that it was not pursuing its claim. Consequently, Liberty paid no part of the loss.

Reliance sued DeMaria in state court, claiming subrogation to JFA's rights against DeMaria for its negligence and breach of contract. The Michigan trial court ruled in favor of DeMaria on the grounds that, because JFA had contractually waived any rights against DeMaria, suit by Reliance—as JFA's subrogee—was also barred.

Reliance now sues Liberty, DeMaria's insurer. Reliance seeks a declaratory judgment that Liberty must indemnify it for the full $181,347.68 or, in the alternative, that Liberty owes contribution in the amount of fifty percent of the loss paid, not to exceed Liberty's policy limits, or a pro rata share of the loss paid in relation to each insurer's respective limits. In its first count, Reliance seeks such recovery, apparently, under theories of subrogation and/or contribution. In additional counts, Reliance relies upon third-party-beneficiary and waiver/estoppel theories. The district court held that the facts were not in dispute and that Liberty was not liable for any part of the monies that Reliance was contractually obligated to pay, and did pay, to JFA. On appeal, Reliance abandons its subrogation, third-party-beneficiary, and waiver/estoppel claims, and urges reversal only on the grounds that the district court's disposition of its contribution claim was in error.

## II.

Reliance's claim for contribution is entirely without merit. It is well-established that contribution among insurance companies is available where "all insurers are equally liable for the discharge of a common obligation." Couch on Insurance 2d § 62:151 (1983) (hereinafter, "Couch"). Such "double coverage," however, only exists where "both policies were on the same property, on the same interest in the property, against the same risks, and payable to the same parties." *Lubetsky v. Standard Fire Ins. Co.*, 217 Mich. 654, 187 N.W. 260 (1922).

Here, Reliance's policy protected JFA's interest ownership interest in the complex and was payable only to JFA (or to HUD as its interest appears). DeMaria is not mentioned. Similarly, Liberty's policy protects only DeMaria's contractual interests in completing and delivering the complex. JFA is not mentioned in DeMaria's policy. The property and the risks are the same in both policy. The interests are different. There can be no right of contribution. *See Lubetsky*, 187 N.W. at 261 ("insurance which is obtained by a third person and upon another distinct and insurable interest cannot be re-

garded as 'other insurance'") (*quoting Niagara Fire Ins. Co. v. Scammon,* 144 Ill. 490, 28 N.E. 919 (1891)).

## A.

Reliance cites no authority for the proposition that an insurance contract which insures only a property owner's interest insures the "same interest" as a policy which only insures a contractor's interest. Not surprisingly, our research has similarly failed to produce any such authority. In fact, what authority there is on this issue appears to be unanimously to the contrary. *See, e.g., McCoy v. Continental Ins. Co.,* 326 Mich. 261, 40 N.W.2d 146, 149–50 (1949) (vendor's policy and vendee's policy "were on the same property and against the same risks but on different interests and payable to different parties" and, thus, proration between insurers was not proper); *Dietzel v. Patrons' Mut. Fire Ins. Co. of Michigan,* 232 Mich. 415, 205 N.W. 149, 150 (1925) (brothers' insurer liable for 100% of loss under policy issued to two brothers jointly, even though there was other insurance issued to one of the brothers separately, because second policy was not for the benefit of "the brothers"); *Lubetsky,* 187 N.W. at 261 (same); *Smith v. American Ins. Co.,* 177 Mich. 123, 143 N.W. 54, 56 (1913) (vendor's insurer liable for 100% of loss under policy, even though property was also covered by vendee's policy, because the interests insured were separate and distinct); *State Farm Fire & Casualty Co. v. Farmers Ins. Exch.,* 80 Mich.App. 567, 264 N.W.2d 62, 63–64 (1978) (contribution required between vendor's and vendee's insurers solely because loss was made payable in each policy to the same mortgagee and loss was, in fact, paid to that mortgagee).

We have found a few cases from other jurisdictions involving nearly identical facts and, in each, contribution—or proration—was denied. In *Lititz Mut. Ins. Co. v. Lengacher,* 248 F.2d 850 (7th Cir.1957), a property owner and his building contractor each insured their interest in a construction project with different insurers. When fire destroyed the incomplete building, owner's in-

surer sought contribution from contractor's insurer. The court held that "the two insurance companies insured separate and distinct interest in the same property and plaintiff is not entitled to have the loss prorated." *Id.* at 854. *Accord M.F.A. Mut. Ins. Co. v. Farmers & Merchants Ins. Co.,* 443 S.W.2d 220, 223 (Mo.Ct.App.1969) ("There can be no contribution between fire insurers unless insurance was concurrent, that is, . . . in favor of the same party.") (*quoting* Couch § 62.-166).

In short, our response to Reliance's attempt to counter such a line of authority can be expressed in no better words than those employed by the Missouri Supreme Court:

> We have some difficulty in understanding the precise theory on which [contractor's insurer] claims that the pro rata provision [1] in the insurance contract between it and the contractor would impose liability on [the owner's insurer], or how the corresponding provision in [the owner's insurer's] policy would inure to the benefit of one not a party and not designated as a third party beneficiary thereto. Apparently, [contractor's insurer] relies on a theory of apportionment [or contribution]. . . . [I]t is obvious that in this case the risks and the interests which were insured are not identical. . . . [and] [contractor's insurer] was not entitled to contribution from [owner's insurer] in discharging its liability to its insured, the contractor.

*M.F.A. Mut. Ins. Co. v. Gulf Ins. Co.,* 445 S.W.2d 829, 833 (Mo.1969).

## B.

Reliance contends that its policy and the Liberty policy *do* cover the same interest, *i.e.,* the building.

> The contractor has an insurable interest in the building itself, since it is the contractor's obligation to deliver a completed building according to the terms of the contract. The insurable interest is the building itself. The owner has these [sic] same insurable interest since title to the land carries with it title to the building as com-

---

1. We have difficulty in understanding Reliance's theory of recovery when its policy with JFA, unlike Liberty's policy, *does not even include* a "pro rata" clause.

pleted, for which the construction contract has been executed. Applying this reasoning, both JFA and DeMaria had these [sic] insurable interest in the building itself. (App.Br. at 18).

Because we do not believe that an insurance company is likely to accidentally confuse the concept of "insurable interest" with a description of the physical property insured, the argument is disingenuous.

Reliance cites *Root v. Hamilton Mut. Ins. Co.*, 116 Mich.App. 596, 323 N.W.2d 298 (Mich.Ct.App.1981), in support. There, however, the plaintiff was insured under *both* policies at issue and its interest was the same under each policy even though the policies labeled that interest differently.[2]

Reliance's other "authority" is equally unavailing, as Liberty laboriously points out. *See Isabell v. Aetna Ins. Co.*, 495 S.W.2d 821 (Tenn.Ct.App.1971) (not an action for contribution; issue limited whether owner had *any* interest); *Midwest Lumber Co. v. Nelson Constr. Co.*, 188 Neb. 308, 196 N.W.2d 377 (1972) (same).

### C.

Reliance tries to rescue its hopeless cause by distinguishing *Lubetsky*, the leading Michigan case on this issue, on the grounds that contribution would have been allowed there had the buyer possessed rights against the seller's insurer. Assuming such an exception exists,[3] Reliance finds such "rights" against Liberty in a provision of the contract that provides "owner . . . shall have power to adjust and settle a loss with Insurers." Again, this argument lacks merit. This provision speaks only to the owner's power to

adjust and settle with his *own* insurers because the contract allocates the burden of insurance to the owner. The construction contract cannot be read to give JFA any rights against Liberty under Liberty's insurance contract with DeMaria, because JFA's name does not appear in that policy and no colorable argument can be made that the policy was for JFA's benefit. This argument amounts to nothing more than Reliance's attempt to reassert its ill-fated subrogation claim.

### III.

No case, in Michigan or elsewhere, requires contribution between insurers in similar circumstances. It is likely that none ever will. Besides violating fundamental principles of insurance, such a result would violate common sense. Liberty was, at most, contractually bound to pay DeMaria's claims for any losses it sustained because of this fire. DeMaria pursued no claim.

JFA and DeMaria agreed that JFA would transfer the risk of fire to an insurance company. That is what happened. Reliance, apparently unhappy with having to perform its contractual duties would have this court impose addition, noncontractual duties on Liberty. We decline, and now **AFFIRM**.

---

2. Reliance downplays the critical fact that the plaintiff was covered under both policies by invoking *Commercial Union Ins. Co. v. Bituminous Casualty Corp.*, 851 F.2d 98 (3d Cir.1988), for the proposition that two policies may cover the "same interest" even though the persons named or payable are not the same.

   Reliance's reliance is misplaced, however, because the two policy's at issue in *Commercial Union* covered, in part, the same interest. *See Commercial Union Ins. Co. v. Bituminous Casualty Corp.*, No. Civ-87–325, 1989 WL 5818, at *1 (D.C.N.J.1989) (on remand) ("parties concur that the policies in this case cover the same property

and same interest"). Thus, the case is no different from *Root* and contribution was rightfully awarded.

3. Reliance, apparently, is referring to *McCoy*, in which the court stated that rule in *Lubetsky* would not apply if the insured of the insurer seeking contribution had rights against the insurer against whom contribution was sought. *McCoy*, 40 N.W.2d at 149. Obviously, in this case, JFA has no rights against Liberty for the very reason that contribution is inappropriate in the first instance: JFA is not a party to the Liberty policy, nor was it written for JFA's benefit.