TOBIAS *v.* TOBIAS.

1. WATERS AND WATERCOURSES—ADJOINING LANDOWNERS—FINDING OF COURT—EVIDENCE—VIEW OF PREMISES.

Finding of trial court in suit by plaintiff and wife against husband's brother and his wife, adjoining landowners, to enjoin latter from using waters of lake or permitting others to do so, that a part of the landlocked lake was on defendants' land *held,* supported by testimony and by the judge's view of the premises.

2. SAME—ADJOINING LANDOWNERS—INJUNCTION—RECORD.

Decree dismissing bill to enjoin defendants, adjoining landowners, from use of 8-acre lake found to have been partially covering defendants' land *held,* not inequitable under record presented.

3. SAME—FENCES—ESTOPPEL—FISHING.

Participation by defendants in the construction and reconstruction of party-line fence in the winter to keep cattle from straying onto plaintiffs' land but which did not interfere with defendants' passage to the main part of the lake *held,* not to have estopped defendants from right of fishing on the lake or permitting others to do so.

4. SAME—RIPARIAN RIGHTS.

Fact that permission granted by defendants to others to use lake, partially on their property, may result in depletion of fish in the lake does not prevent each party over whose land the lake extends from the exercise of their riparian rights.

Appeal from Barry; McDonald (Archie D.), J. Submitted January 4, 1956. (Docket No. 77, Calendar No. 46,274.) Decided April 2, 1956.

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 56 Am Jur, Waters § 273 *et seq.*
[3] 56 Am Jur, Waters §§ 275, 286.

Bill by Charles E. Tobias and Celia A. Tobias against Ira Tobias and Louise Tobias for determination of riparian rights in and to lake and for injunctive relief. Decree for defendants. Plaintiffs appeal. Affirmed.

*Laurence E. Barnett,* for plaintiffs.

*Leo W. Hoffman,* for defendants.

CARR, J. This suit was instituted by plaintiffs in April, 1952, for the purpose of obtaining a determination with reference to the exercise by defendants of riparian rights on Whitefish lake in Barry county. Plaintiffs are the owners of 80 acres of land which they acquired in 1941. Their bill of complaint avers that the lake in question is located entirely on their property and that it is a private lake from which they are entitled to exclude others. Defendants' farm is located directly east of the plaintiffs' land and is contiguous to it. It is their claim that a portion of Whitefish lake is on their land, that in consequence they are entitled to enter on the lake therefrom for the purpose of taking fish, and that they may grant permission to others to do likewise.

Plaintiff Charles E. Tobias and defendant Ira Tobias are brothers. The record indicates that for a number of years after plaintiffs acquired their property defendants and members of their family fished on the lake without interference. Shortly before the instant suit was brought plaintiffs learned that others, with defendants' permission, were taking fish from the lake. Plaintiffs' objections to such use resulted in a dispute between the brothers and the assertion by defendants that they were part owners of the lake and were entitled to make use thereof accordingly and to allow others to do so. This difference of opinion resulted in plaintiffs bringing suit

to enjoin defendants from exercising their asserted rights.

On the hearing of the suit in circuit court the question at issue was whether any portion of Whitefish lake was on defendants' property. Some years prior to plaintiffs purchasing their land a fence had been erected along the east line of such land, or a portion thereof, between it and the property of defendants. The parties are not in accord as to whether this fence was entirely east of the lake or crossed it in such manner as to leave a small portion on defendants' farm. In any event it was allowed to fall into a condition of disrepair. Approximately 10 years before the present suit was started Charles E. Tobias and a son of the defendants constructed a new fence consisting of 3 strands of wire attached to posts which, it is claimed, were set in the wintertime through holes cut in the ice. The young man assisting plaintiff in the work testified on the trial that the water beneath the ice was at least 5 feet deep. This claim was disputed by plaintiffs. Generally stated, testimony offered in support of plaintiffs' claims was at variance with the proofs introduced by defendants.

At the outset of the hearing the trial judge, with the approval of counsel on both sides, viewed the premises. Based on his observations and the testimony introduced as to the existing conditions, he came to the conclusion that a portion of the lake was, at that time, on defendants' property. A decree was entered accordingly, denying injunctive relief and dismissing the bill of complaint. Plaintiffs have appealed.

Obviously the question at issue is one of fact. The testimony of the witnesses, while contradictory as to past conditions, indicated clearly that at the time of trial the lake extended to the east of the fence and that a small portion of it was on defendants' prop-

erty. The trial judge concluded, and we think properly so, that he could not speculate as to future conditions. It is said that the lake in question has neither outlet nor inlet and that it is fed by springs. It is approximately 8 acres in extent. Doubtless, surface waters drain into it and, in consequence, its level is affected to some extent by the amount of rainfall from season to season. It is apparent from the record that the trial judge in reaching his conclusion considered carefully all of the testimony before him.

We think that the finding that a part of the lake was on defendants' property is supported by the proofs as well as by the observations of the judge when viewing the premises. We cannot say that had we been in his position we would have reached a different conclusion as to the primary fact in litigation. Neither may it be said that the decree entered is, on the basis of the record before us, inequitable and not in accordance with the just rights of the parties. Under such circumstances the decree should not be reversed. *Schwafert* v. *Doerner*, 317 Mich 715.

Counsel for plaintiffs directs attention to *Ruggles* v. *Dandison*, 284 Mich 338. That case, as does the case at bar, involved an issue as to the riparian rights of the parties. The defendants claimed to own the land on which a small lake approximately 15 or 20 acres in area was located. In reliance on such claim they constructed a wire fence on the property line, which had the effect of excluding plaintiffs. Thereupon the latter brought suit to enjoin the maintenance of the fence and for a determination that the lake was located in part on their property. The trial court determined the issue in favor of the defendants, finding from the evidence before him that marshland on plaintiffs' side of the fence was not a part of the lake bottom. This Court sustained the finding on the ground that the proofs of the plaintiffs were insufficient to justify the granting of the

injunctive relief sought. Because of the differences in the factual situations presented, we do not think that the decision cited is in any way inconsistent with the decree of the trial court in the case at bar.

Counsel for plaintiffs in his brief refers to the construction of the fence, above mentioned, some years before the bringing of the instant suit. In substance it is claimed that defendants' participation in such action, or at least their acquiescence therein, estops them from claiming riparian rights on the lake. Defendants question the right to raise such issue, asserting that it is not covered by the pleadings and was not submitted to the trial court. There is much force in their position. However, it appears from the proofs in the record that the construction of the fence was a mutual undertaking, and that its purpose was to prevent the cattle of defendants from crossing on the ice to plaintiffs' property. Furthermore, the type of construction used was not such as to prevent passage from defendants' property to the main portion of the lake, and quite obviously it has not done so. Plaintiffs have not shown that they were prejudiced by the construction, or reconstrucion, of the fence, and in the absence of such element the claim of estoppel is not tenable. *Odgers* v. *Lentz,* 319 Mich 502, 507; *Muskegon Lumber & Fuel Company* v. *Johnson,* 338 Mich 655, 661.

The further suggestion is made that the conduct of defendants in permitting others to use this small lake is, without reference to the matter of their riparian rights, inequitable in that the natural result will be to deplete the fish in the lake, perhaps to the detriment of plaintiffs and defendants alike. It is possible that the conduct charged by plaintiffs against defendants, if continued, may give rise to the situation indicated. However, the parties concerned cannot be denied the exercise of their respective riparian rights. Presumptively the situation

suggested may arise in any instance where different parties are entitled to exercise such rights in the use of the waters of a lake.

On the record presented here, no basis has been established for the granting of the equitable relief sought. The decree of the trial court is affirmed, with costs to defendants.

Dethmers, C. J., and Sharpe, Smith, Reid, Boyles, Kelly, and Black, JJ., concurred.