CARLSON *v.* WILLIAMS.

1. EQUITY—RELIEF—PRAYER.

The shape of relief in equity is not of necessity controlled by the prayer, but is formed by the court according to the germane conditions and equities existing at the time decree is made.

2. SAME—RELIEF—PRAYER.

Relief within the scope of the bill in equity is the final responsibility of the court, the prayer for relief aiding rather than dictating equity's decree.

3. SAME—AMENDMENT OF PRAYER.

It was not error on the part of trial court to allow plaintiffs in suit to set aside certain deeds to amend prayer for relief so as to pray that a specified defendant be held trustee for plaintiffs and to assess damages against such defendant and another, as such amendment does not obligate the court to grant such relief.

Appeal from Wayne; Weideman (Carl M.), J. Submitted October 2, 1957. (Calendar No. 46,644.) Decided April 22, 1957.

Bill by John E. Carlson and Gladys A. Carlson against William J. Williams, Manning & Locklin Gravel Company, a partnership, State Land Office Board, a municipal corporation, and the Auditor General to set aside deeds to property sold on scavenger sale. From an order allowing an amendment to prayer, private parties defendant appeal. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 19 Am Jur, Equity § 410.
[1, 2] 19 Am Jur, Equity § 227.
[3] 19 Am Jur, Equity § 338.

*Samuel H. Rubin (Phyllis Rubin,* of counsel), for plaintiffs.

*Wilcox, Lacy, Lawson, Kirby & Hunt (John W. Hoffman,* of counsel), for defendant Williams.

*John W. Piester,* for defendant Manning & Locklin Gravel Company.

Black, J. We find, on examination of the respective briefs, that plaintiffs have fairly and concisely stated the facts necessary to comprehensive understanding of that which is before us. Their statement follows:

"Plaintiffs and appellees, the Carlsons, alleged in their bill that in the year 1927 they became the owners in fee of 2 pieces of property described as lots 278 and 280, Silver Springs Lake Estates. They acquired lot 280 from the platter, Margaret S. Curtiss, and lot 278 the same year from one Rex W. Beardsley, who acquired the same from Margaret S. Curtiss, the platter.

"The bill alleges that they made payments for taxes on said lots by paying the same to the platter or subdivider, or her agent, who in turn was required to pay the taxes to the proper authorities.

"They allege further, that the defendant, William J. Williams, under the so-called 'scavenger act,'* acquired title to the land in question from the State land board, the said Williams being a relative of the platter, Margaret S. Curtiss, and that he was trustee of Margaret S. Curtiss by an agreement, wherein the platter had conveyed to him as trustee all lots in the subdivision not previously conveyed, although at the scavenger sale bid, he represented himself as the former owner of the lots.

"That William J. Williams claimed to be buying up the land in the subdivision for the defendant and

_____
* See CL 1948, § 211.351 *et seq.* (Stat Ann 1950 Rev § 7.951 *et seq.*).—Reporter.

appellant, Manning & Locklin Gravel Company, and on several occasions in various ways tried to induce plaintiffs and appellees, John E. Carlson and Gladys A. Carlson, to sell the premises to him for the gravel company, and finally stated to the plaintiffs that if they did not accept the offers, they would lose the property anyway.

"That Williams, in acquiring the land from the State land board, then conveyed the same to the gravel company by then indicating he was an unmarried man when, in fact, he was a married man and living in the State of Michigan."

The remainder of plaintiffs' statement of facts advises that the prayer of their bill asks:

(a) That the conveyance to Williams by the State land office board be decreed void;

(b) That the deed from Williams to the gravel company be held for naught;

(c) That Williams and the gravel company be enjoined from claiming or asserting rights in the realty subject matter, and

(d) That plaintiffs be granted general relief.

The statement advises further that answers to the bill were duly filed and, on November 3, 1954, that plaintiffs moved to amend the prayer of their bill by adding the following:

"E.  And, if need be, this court declare the defendant, William J. Williams, as trustee for the plaintiffs in the acquisition by him of the property involved in this proceeding.

"F.  That this court assess such damages against the defendants, William J. Williams and Manning & Locklin Gravel Company, a copartnership, as may be determined."

The motion for leave to amend the prayer, as aforesaid, was granted below. On leave granted Williams and the gravel company review the order for such amendment.

The order authorizing amendment of the prayer was entered June 20, 1955. Defendants' application for leave to appeal from such order was granted October 6, 1955. During the term next following the case of *Herpolsheimer* v. *A. B. Herpolsheimer Realty Co.*, 344 Mich 657 was submitted. What was said of Herpolsheimer's bill is decisive here. After having adverted to equity's fundamental view of pleadings. invoking her jurisdiction—that the shape of relief is not of necessity controlled by the prayer and that it is formed by the chancellor according to germane conditions and equities existing at the time decree is made*—, we went on to say (pp 665, 666 of report):

"The premises of a bill in equity—not its prayer—are determinative of the substance thereof (*Berg* v. *Berg*, 336 Mich 284; *McCoy* v. *Continental Insurance Co.*, 326 Mich 261; *Raniak* v. *Pokorney*, 198 Mich 567; 30 CJS, Equity, § 210, p 667), and this is but another way of saying that relief within scope of the bill is the final responsibility of the chancellor and that the prayer aids rather than dictates equity's decretal beneficence."

The order granting amendment of the prayer of plaintiffs' bill by no means obligates the court to grant relief according to the amendment if relief is decreed. The chancellor will, we apprehend, shape his decree according to the equity of the case as it appears when the testimonial record is closed.

Affirmed. Costs to plaintiffs.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, KELLY, and CARR, JJ., concurred.

VOELKER, J., took no part in the decision of this case.

---

* For additional thoughts and citations dealing with this subject. see Vol 34, No 1, MSBJ (January, 1955), pp 17–19.