SAUR v. REXFORD.

1. TRUSTS—PASSIVE OR NAKED TRUSTS ABOLISHED.
   Passive or naked trusts have been abolished by statute in this State (CL 1948, § 551.1 et seq.).

2. DEEDS—TENANCY IN COMMON—NAKED TRUST—PARTITION.
   Deed of land to 2 named individuals as trustees for the benefit of such named individuals and 8 other members of an informal hunting and fishing club entitled each member of the club to possession and use of the lands and each acquired a legal estate therein equal to his beneficial interest free of any active trust and subject to partition, where neither the deed nor any other instrument or agreement, oral or written, is shown as having imposed any duties upon the trustee grantees, all members of the club being tenants in common (CL 1948, § 551.1 et seq.; §§ 631.1, 631.2).

3. PARTITION—HUNTING AND FISHING CAMP—STATUTES—SALES.
   Decree of trial court in suit for partition of hunting and fishing camp property whereby it was ordered that plaintiff convey his 9/10 interest to defendant upon payment of $270, and due provision made for the possibility that either plaintiff or defendant might refuse to proceed as directed by the decree, is confirmed and affirmed as effective, the public sale provisions of the statute relating to partition, even when invoked properly before a court of equity, being permissive rather than mandatory, and not controlling of the shape or nature of the decree to be entered (CL 1948, § 631.1 et seq.).

4. COSTS—PARTITION—TENANCY IN COMMON.
   No costs are allowed upon affirmance of decree granting partition of lands held by the parties as tenants in common (CL 1948, §§ 631.1, 631.2).

Appeal from Marquette; Rushton (Carroll C.), J. Submitted December 6, 1962. (Calendar No. 102, Docket No. 49,113.) Decided February 7, 1963. Rehearing denied May 9, 1963.

Bill by L. F. Saur, individually and as trustee, against L. C. Rexford, as trustee, L. C. Rexford and Gladys Rexford for partition or sale of lands purchased for hunting and fishing. Decree granting each party right of purchase. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 54 Am Jur, Trusts §§ 12–14.
[3] 40 Am Jur, Partition §§ 73, 74, 82.
[4] 40 Am Jur, Partition §§ 92–98.

*Philip L. Hogan*, for plaintiff.

*Hogan & Johnson*, for plaintiff on application for rehearing.

*Thomas D. Anderson, Sr.*, for defendants.

BLACK, J.   Plaintiff Saur and defendant Rexford took legal title, as trustees,* to the subject matter of this equity case.   It consists of 120 acres of woodland in Marquette county.   The tract was acquired by the 2 for themselves and 8 others, all being residents of Kent county, for hunting and fishing purposes.   Over the years most of the 10 ceased using the tract for any purpose.   Finally, in 1959, Saur filed this bill against Rexford and the latter's wife, praying in the alternative for partition of or judicial sale of the subject premises; also for general relief.

The case upon bill and answer went to due hearing.   In the course of such hearing it was made to appear that all members of the club, except Saur and Rexford, had assigned and transferred their interests to Saur and, accordingly, that the legal and equitable rights of all concerned parties were before the court for disposition by decree *in personam*.

The chancellor, finding himself "unable to appreciate the equities or to sympathize with either side of this case", concluded nevertheless that the pleaded controversy should come to an end and that title to the tract should be made clear by judicially ordered sale to the party of greatest monetary interest.   It was accordingly decreed that defendant Rexford should have "the privilege of purchasing the outstanding interest" by deed to be executed by the 2 trustees to himself as individual grantee, upon payment of the determined sum of $270 to plaintiff

---

* Saur and Rexford acquired such title by deed dated July 14, 1930. The granting clause named them as "L. F. Saur and L. C. Rexford, Trustees."   The record discloses that title was taken by Saur and Rexford as trustees for the benefit of all 10 members of an informal fishing and hunting club.

Saur. The decree made due provision for the possibility that either Saur or Rexford might refuse to proceed as directed, but such provisions require no discussion. From such decree, plaintiff appeals.

The only question of importance brought here is whether plaintiff Saur is entitled to partition, under the statute, on theory that the parties in interest are tenants in common.

They are such tenants since neither the deed of 1930 nor any other instrument or agreement, oral or written, is shown as having imposed any duties upon the "trustee" grantees. Our statute of uses and trusts (CL 1948, § 551.1 *et seq.* [Stat Ann 1957 Rev § 26.51 *et seq.*]) abolished passive or naked trusts and, therefore, upon delivery of the 1930 deed each member of the club, being entitled to possession and use of the lands, acquired a legal estate therein equal to his beneficial interest free of any active trust and subject to partition as was effectively decreed by the chancellor. See *Burdeno* v. *Amperse,* 14 Mich 91, 97 (90 Am Dec 225); *Rothschild* v. *Dickinson,* 169 Mich 200; and *Woolfitt* v. *Histed,* 208 Mich 308.

Finding no reason for disagreement with the chancellor's findings and decree of disposition, same should be confirmed and affirmed. It is so ordered. No costs.

Carr, C. J., and Dethmers, Kelly, Kavanagh, Souris, and Otis M. Smith, JJ., concurred.

O'Hara, J., took no part in the decision of this case.

### On Application for Rehearing.

The public sale provisions of past and present statutes relating to partition,* even when such provisions are invoked properly before a court of equity, are permissive rather than mandatory. They do

---

* CL 1948, § 631.1 *et seq.* (Stat Ann § 27.2012 *et seq.*); RJA 1961, § 3301 *et seq.* (CL 1948, § 600.3001 *et seq.,* Stat Ann 1962 Rev § 27A.3301 *et seq.*).

not for regularly expressed reasons control the shape or nature of the decree which by equity's maxims should be entered when the time for decree arrives. See collection of authorities in *Carlson* v. *Williams*, 348 Mich 165, 168. Here the trial chancellor, of abundant reason considering the wild and remote nature of the realty subject matter and its insignificant land value, decided that a decree for sale to the tenant of greatest monetary interest—the builder of the cottage or cabin on the tract—should be entered as the best available solution. On application for rehearing this Court finds no reason for disagreement with such decision.

Rehearing denied.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.

O'HARA, J., took no part in the decision of this application.