THOMPSON v. ENZ.

1. WATERS AND WATER COURSES—RIPARIAN RIGHTS.

Riparian rights cannot be created in nonriparian land, but a single parcel of land abutting a lake is all riparian.

2. SAME—SUBDIVISION OF RIPARIAN PARCEL—RESERVATION OF RIPARIAN RIGHTS.

Riparian rights in back lots of subdivision of parcel of land abutting a lake must be reserved when the riparian parcel is subdivided thereby preserving the right which the land has at the time of subdividing.

3. SAME—SUBDIVISION OF RIPARIAN PARCEL—CANALS.

The owner of a large parcel of land abutting an inland lake may properly dig canals for access to the lake from lots within the parcel and grant riparian rights to purchasers thereof by proper conveyance.

Appeal from Barry; McDonald (Archie D.), J. Submitted Division 3 October 6, 1965, at Grand Rapids. (Docket No. 470.) Decided March 9, 1966. Rehearing denied April 19, 1966. Leave to appeal granted by Supreme Court July 21, 1966. See 378 Mich 723, 379 Mich 667.

REFERENCES FOR POINTS IN HEADNOTES

[1] 56 Am Jur, Waters §§ 273–275, 277.
[2] 56 Am Jur, Waters § 288.
[3] 56 Am Jur, Waters §§ 285, 288.

Complaint by Louis B. Thompson and others against Edward R. Enz and others to declare rights in lands bordering on a lake, which defendants desire to subdivide. Judgment for plaintiffs. Defendants appeal. Reversed and remanded for the entry of judgment for defendants.

*Law, Fallon, Weathers & Richardson (Robert W. Richardson,* of counsel), for plaintiffs.

*Richard M. Brewer,* for defendants.

*Amici Curiae:*

*N. A. Cobb.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Nicholas V. Olds* and *Jerome Maslowski,* Assistant Attorneys General.

T. G. KAVANAGH, J. The plaintiffs are owners of lots on Gun lake in Allegan and Barry counties in beautiful western Michigan.

The defendants are land contract purchasers of a large parcel of land abutting Gun lake which they propose to subdivide into 144 to 153 lots. According to the proposed plat there will be approximately 16 lots in the new subdivision which will border Gun lake and the remaining lots will have access to the lake by means of canals which will be dug by the subdividers.

The plaintiffs filed suit claiming that defendants' proposed development would constitute an illegal invasion of their property rights as riparian owners abutting Gun lake.

When both parties moved for summary judgment, the trial court granted it to plaintiffs. From that judgment the defendants appeal.

The trial court determined that the back lots would be nonriparian and therefore could not be given riparian rights by dredging canals to them.

We agree with the lower court's conclusion that riparian rights cannot be created in nonriparian land. However, the case at bar does not involve that proposition and accordingly the cases cited in support of his holding, *Ruggles* v. *Dandison* (1938), 284 Mich 338; *Richardson* v. *Prentiss* (1882), 48 Mich 88; *Bauman* v. *Barendregt* (1930), 251 Mich 67; *Hilt* v. *Weber* (1930), 252 Mich 198 (71 ALR 1238); *Kerley* v. *Wolfe* (1957), 349 Mich 350, are not in point. This is not a case involving nonriparian land. The defendants' land is one parcel abutting Gun lake and as such there is no question of its riparian nature. Therefore, the issue presented in this case is whether or not riparian rights can be reserved in back lots when a riparian parcel is subdivided.

The question presented is one of first impression in Michigan but we find two States which have considered it and we agree with the reasoning explaining their decision.

The California supreme court has decided that riparian rights can be reserved in back lots where the original parcel was riparian. However, it is to be noted that if the riparian rights are not reserved, they will be lost. *Anaheim Union Water Company* v. *Fuller* (1907), 150 Cal 327 (88 P 978, 11 LRA NS 1062).

In the case of *Strong* v. *Baldwin* (1908), 154 Cal 150 (97 P 178, 129 Am St Rep 149) we find language appropriate to decision in the case at bar. The California court there stated (154 Cal 156 [97 P 181]):

"As we have seen, the land of some of these parties does not border upon the stream, but it does not

necessarily follow that such land is without such riparian rights. When a tract of land abuts on a stream and a portion thereof not contiguous to the stream is conveyed by the owner, the riparian right of the portion so conveyed in the stream may also be conveyed with the land, as is fully recognized in the case cited by learned counsel for appellants (*Anaheim Union Water Company* v. *Fuller,* 150 Cal 331 [88 P 978]), and, when so conveyed, is still a riparian right with all the attributes of such right, and is in strict technical language 'parcel of the land' conveyed. The same is necessarily true where a tract of land abutting on a stream is partitioned in court proceedings among the owners thereof, and appropriate provision for riparian rights is made in the decree as to the portions allotted by the decree which do not abut on the stream. See *Rose* v. *Mesmer,* 142 Cal 322 (75 P 905); *Verdugo Cañon Water Company* v. *Verdugo,* 152 Cal 655 (93 P 1021). This is not a case, as suggested by appellants, of attempting to make riparian lands, which are not in fact riparian, but is simply the preservation of the right which the land has at the time of the conveyance or decree."

Also in accord are the cases of *Miller & Lux, Inc.,* v. *J. G. James Company* (1919), 179 Cal 689 (178 P 716); *Frazee* v. *Railroad Commission of California* (1921), 185 Cal 690 (201 P 921).

The Minnesota supreme court resolved the question in a similar manner in *St. Anthony Falls Water-Power Company* v. *City of Minneapolis* (1889), 41 Minn 270 (43 NW 56).

In the conveyance of each lot fronting on the proposed canals, the defendants here propose to grant the riparian right to use the lake for the same purposes as other riparian owners, and the right to use the canals for access to the lake. They may do so by proper conveyance.

In its opinion the trial court cited *City of Battle Creek* v. *Goguac Resort Association, Ltd.* (1914), 181 Mich 241; *Monroe Carp Pond Co.* v. *River Raisin Paper Co.* (1927), 240 Mich 279; *Beach* v. *Hayner* (1919), 207 Mich 93 (5 ALR 1052); *Tobias* v. *Tobias* (1956), 345 Mich 263; *Hoover* v. *Crane* (1960), 362 Mich 36; *Schurtz* v. *Wescott* (1938), 286 Mich 691, all of which are concerned with whether the use of riparian rights was reasonable.

The pleadings here did not frame that issue.

In a proper case, a use which adversely affects the rights of other riparian owners will be enjoined. If the pleadings raise the issue that a proposed use will, for example—adversely affect the level of the lake or will contaminate the waters, spoil the view or hurt the fishing or otherwise improperly impair the rightful use of riparian owners, such proposed use may be enjoined upon proof of the fact.

Since that is not the case before us the judgment is reversed with instruction to enter a summary judgment for defendants. Defendants may have their costs.

BURNS, P. J., and HOLBROOK, J., concurred.