## PIERCE v. RILEY

WATERS AND WATERCOURSES—RIPARIAN RIGHTS—INLAND LAKES—RE-
MAND.

> Action for declaration of rights of riparian proprietors, in
> which defendant riparian proprietors proposed to subdivide
> riparian lands into parcels, most of which would not abut
> on natural lake shore, but would abut on artificial channels
> dug from lake to back of land is remanded to trial court for
> the taking of evidence as to factors concerning reasonableness
> of use not pleaded or presented, where matter was originally
> heard and decided before an opinion of the Supreme Court
> in a similar case delineated the factors to be considered.

Appeal from Oceana, Harold Van Domelen, J.
Submitted Division 3 December 6, 1968, at Grand
Rapids. (Docket No. 4,154.) Decided March 24,
1969.

Complaint by Don Pierce and others against
Stanley D. Riley, Carol M. Riley, Robert E. Lohman
and Eleanor Lohman, for declaratory judgment of
rights in lands bordering on a lake. Judgment for
defendants. Plaintiffs appeal. Remanded to trial
court for reconsideration.

*Vander Veen, Freihofer & Cook* (*Fred N. Searl*,
of counsel), and *Cholette, Perkins & Buchanan* (*Don
V. Souter*, of counsel), for plaintiffs.

*Walter A. Urick*, for defendants.

REFERENCE FOR POINTS IN HEADNOTE
56 Am Jur, Waters §§ 50, 58.

BEFORE: J. H. Gillis, P. J., and R. B. Burns and Corkin,* JJ.

Corkin, J. Plaintiffs, riparian land owners, filed suit for a declaration of rights and to enjoin defendant real estate developers from granting easements of rights-of-way for access to Stony Lake to non-riparian lot owners.

Stony Lake has an area of approximately 278 acres and there are about 138 owners having frontage on the lake.

Defendants own land on the northeasterly part of the lake which they have subdivided into the plat of Holiday Shores containing 91 lots. Lot 91 is 200 feet wide and has about 374 feet of frontage on Stony Lake when measured at an angle. Defendants dug a channel about 80 feet wide and 700 feet long the length of lot 91 and constructed boating facilities thereon. They also constructed a beach area in the southeast corner of lot 91. The remaining 90 lots do not front on the lake, and the nearest boundary of the plat is about 700 feet from the lake and the farthest boundary about 1200 feet from it.

The defendants propose to provide all lot owners with access to the lake by granting an easement of right-of-way to and through lot 91.

Plaintiffs claim that defendants' proposed use of the artificial channel and the granting of the easements to non-riparian owners over lot 91 will constitute an extension of use and riparian rights that will result in an unreasonable burden on riparian owners.

Defendants claim that by reason of their ownership of lot 91, which admittedly has riparian rights, they can provide access to the lake across lot 91

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

to their licensees and invitees, and that in doing so they are not unlawfully extending their riparian rights so as to create an unreasonable burden on other riparian owners.

After a hearing the trial court found in favor of defendants.

The trial court's opinion dated June 10, 1967, was subsequent to *Thompson* v. *Enz,* 2 Mich App 404 (March 9, 1966), but prior to *Thompson* v. *Enz,* 379 Mich 667 (December 4, 1967) reversing the Court of Appeals.

In *Thompson* the Supreme Court clearly delineated the issue to which it was addressing itself when it stated (p 686):

"We will, therefore, treat the proposal here as though easements for rights-of-way for access are given to the back lot purchasers. We must then consider what right, if any, the owners of the back lots have to use these rights-of-way. In so doing, attention must be given to the use of riparian rights by the defendants and the remaining proprietors on Gun Lake."

It then proceeded to set forth the factors to be considered in determining the reasonableness of the use by a riparian owner for artificial purposes.

This case is somewhat different from *Thompson* in that a hearing was held in this whereas *Thompson* was decided on motions for summary judgment. Also, a reading of the trial court's opinion shows that some of the factors set forth in *Thompson* were considered by the trial court, at least to the extent they were pleaded and presented by plaintiffs. It would also appear that the trial court's findings were supported by the evidence.

However, it is obvious that the trial court did not and could not consider the factors set forth in

*Thompson* because they were not all pleaded, and it could not consider a decision not then handed down. In short, when this case was tried and decided there was no definitive statement of the factors to be considered in determining the issue presented.

Citing township zoning laws, the Michigan subdivision control act of 1967, PA 1967, No 288 (MCLA § 560.101 *et seq.*, Stat Ann 1969 Cum Supp § 26.430 [101] *et seq.*), the marine safety act, PA 1967, No 303 (MCLA § 281.1001 *et seq.*, Stat Ann 1969 Cum Supp § 18.1287[1] *et seq.*), and the inland lakes and streams act, PA 1965, No 291 (MCLA § 28.731 *et seq.*, Stat Ann 1968 Rev § 11.451 *et seq.*) the defendant contends that plaintiffs have adequate legal remedies, and that an injunction is not an appropriate remedy should plaintiffs prevail. In view of the fact that plaintiffs are seeking to protect property rights, and that many cases could be cited where an injunction would be the only way to effectively protect plaintiffs' claimed rights, we find defendants' argument without merit.

In view of the importance of the issue presented by this case to the state as a whole, and the peculiar timing of this case in relation to both *Thompson* cases, we remand the case to the trial court for reconsideration in light of *Thompson* v. *Enz* (1967), 379 Mich 667, with both parties being given the right to present additional evidence as to reasonableness factors not pleaded or presented at the prior hearing.

All concurred.