PIERCE v RILEY (SUPPLEMENTAL OPINION)

1. WATERS AND WATER COURSES—LAKE ACCESS—NONRIPARIAN OWN-
   ERS—EQUITABLE RELIEF.

   A court in granting equitable relief is not bound by the prayer for
   relief but may fashion such remedy as the circumstances
   warrant; therefore the trial court was not foreclosed from
   granting an order that a channel through a lakefront lot giving
   lake access to nonriparian lot owners be filled in notwithstand-
   ing the fact that the plaintiffs' prayer for relief did not specifi-
   cally request that the channel be filled in.

2. INJUNCTIONS—ENFORCEMENT.

   An injunction that will be ineffectual will not be granted.

3. EQUITY—INJUNCTIONS—DE NOVO REVIEW—WATERS AND WATER
   COURSES—LAKE ACCESS—CHANNELS—NONRIPARIAN OWNERS.

   Injunctive relief will be granted on *de novo* review compelling the
   filling in of a channel held to have been constructed in viola-
   tion of the rights of other riparian owners where the injunction
   granted by the trial court was largely ineffective in preventing
   nonriparian landowners from using a channel across a lake-
   front lot to gain access to the lake, was not effective in prevent-
   ing the overburdening of the lake to the detriment of other
   riparian owners, would have given rise to difficulties in imple-
   menting it and would have presented enforcement problems.

Appeal from Oceana, Harold Van Domelen, J.
Submitted Division 3 December 4, 1973, at Grand
Rapids. (Docket No. 14249.) Decided March 1,
1974. Leave to appeal granted, Court of Appeals
reversed, and remanded to circuit court with in-
structions, 392 Mich —.

Complaint by Don Pierce and others against
Stanley D. Riley and others for a declaratory
judgment of rights in land bordering on a lake and

REFERENCES FOR POINTS IN HEADNOTES
[1] 56 Am Jur, Waters § 269 *et seq.*
[2, 3] 42 Am Jur 2d, Injunctions § 37.

for other relief. Judgment for defendants. Plaintiffs appealed. Remanded to trial court for reconsideration. Judgment for defendants. Plaintiffs appealed. Reversed. Plaintiffs appeal from the trial court's failure to order a channel closed. Reaffirmed and injunction granted for closing the channel.

*Vander Veen, Freihoffer & Cook, P. C.* (by *George R. Cook* and *Fred N. Searl*), and *Don V. Souter*, for plaintiffs.

*Walter A. Urick*, for defendants.

Before: HOLBROOK, P. J., and McGREGOR and T. M. BURNS, JJ.

### SUPPLEMENTAL OPINION

T. M. BURNS, J. This case, reported at 16 Mich App 419; 168 NW 2d 309 (1969), and 35 Mich App 122; 192 NW 2d 366 (1971), is before us for a third time. Inasmuch as the facts of the case were fully set forth and discussed in our prior opinions, we need only briefly restate them here.

The defendants, riparian owners on Stony Lake in Oceana County, constructed a large real estate development consisting of cottages and trailer sites on property they owned but which did not front on the lake. As part of their project defendants provided access to the lake for 90 nonriparian lots by digging a canal through one of their riparian lots situated between the lake and the nonriparian property.

The plaintiffs, other riparian owners on the lake, filed a complaint on August 26, 1966, in the Oceana County Circuit Court alleging *inter alia* that defendants were planning to develop the sub-

division as if the entire project had riparian rights on Stony Lake. Plaintiffs' prayer for relief consisted of five paragraphs only one of which is pertinent to this case and reads:

"5. That this Court enter a declaratory judgment determining the rights of the parties with respect to the matters involved in this action pursuant to GCR [1963] 521 and grant such further necessary and proper relief based thereon as may be required."

After a hearing on the merits, the circuit court found for the defendants. Plaintiffs appealed. We remanded the case back to the circuit court for further consideration in light of *Thompson v Enz,* 379 Mich 667; 154 NW2d 473 (1967), which was decided after the circuit court's ruling. On reconsideration, the circuit court again found for the defendants. Plaintiffs appealed. We reversed the circuit court and held:

"It is the opinion of this Court that the increased burden on the lake caused by the proposed real estate development is not a reasonable riparian use by the owners of Lot No. 91. Applying the criteria in *Thompson v Enz, supra,* to determine the reasonableness of the use, we hold that an increase in the number of residences having access to the lake by 66%, when the number of residences which have frontage could never number more than about 153, is sufficiently injurious to riparian owners as to constitute an unreasonable use.

"Stony Lake is an extremely small lake. The proposed real estate development would overcrowd the lake for what appears to this Court to be a commercial exploitation only. We see no reason to deprive the present riparian owners of the enjoyment of the lake when the only reason for increasing the burden on the lake is merely the commercial profit of the owner of one riparian lot. The benefit to the one riparian owner is not sufficient to justify the injury to the other riparian owners." 35 Mich App 127–128.

To implement the judgment of this Court, plaintiffs requested the circuit court to order the channel filled. The circuit court did not do so, but rather enjoined the defendants from granting any of the nonriparian lot owners right-of-way easements over the riparian lot to the channel.

Plaintiffs are dissatisfied with the order and appeal, arguing that as long as the channel remains open there will be a temptation to use it, and that the circuit court's order can only be enforced through the constant vigilance of a sheriff's patrol or the other riparian owners. Defendants on the other hand assert that since the plaintiffs did not specifically request that the channel be filled in their prayer for relief, the courts are without power to order the channel filled.

The case at bar is equitable in nature; therefore, equitable principles will govern. A court in granting equitable relief is not bound by the prayer for relief, but may fashion such remedy as the circumstances warrant. *Choals v Plummer,* 353 Mich 64; 90 NW2d 851 (1958); *Herpolsheimer v A B Herpolsheimer Realty Co,* 344 Mich 657; 75 NW2d 333 (1956); *Carlson v Williams,* 348 Mich 165; 82 NW2d 483 (1957). We hold, therefore, that notwithstanding the fact that plaintiffs did not specifically request that the channel be filled in their prayer for relief, the courts are not thereby foreclosed from granting such relief.

Having determined that the circuit court possessed authority to order the channel filled, we turn to the question of whether such relief should have been granted.

Although equity cases are reviewed on appeal *de novo,* great weight is given to the findings of the trial court, and the findings and decisions below will not be disturbed unless we are convinced we

would have reached a different result had we been sitting as the trial court. *Futernick v Cutler,* 356 Mich 33; 95 NW2d 838 (1959); *Stribley v Michigan Marine, Inc,* 42 Mich App 218; 201 NW2d 702 (1972).

The inherent difficulties in enforcing an injunction of the nature involved in the case at bar was amply illustrated in *Opal Lake Association v Michaywé,* 47 Mich App 354; 209 NW2d 478 (1973), wherein the Opal Lake Association brought suit against Michaywé, a real estate developer, to enjoin the development of a lake front club for the use of a potential 3800 lot owners. After a hearing on the merits, the trial court found that Michaywé's proposed use of the lake would violate the rights of other riparian owners by overburdening the use of the lake. An injunction issued which limited the use of the club to 120 individuals at any one time. The Opal Lake Association was given the power to enforce the restriction. On appeal, we found the burden placed on the Opal Lake Association to be unreasonable noting:

"[W]e believe the enforcement rights vested in the Opal Lake Association would be illusory. Even though the Opal Lake Association would have power to inspect the Michaywé access site to determine if the limit of 120 persons using the access site has been exceeded, the burden of inspection would be a constant one if the limits were to be effectively enforced, a burden on the plaintiff and its membership that we cannot in equity countenance. Riparian owners have co-equal rights to reasonably use the lake. If, however, one set of owners is forced to be the watchdog of the use by another set of owners, an inequality arises that converts the right to peaceably use the water into a burden for only some riparian landholders. Moreover, assuming the Opal Lake Association should someday discover, for example, that the 120-person-use limit was exceeded, would a suit against the yet to be created Michaywé Owner's Associ-

ation really be an effective remedy? Would each member of the Michaywé Owner's Association be on such notice of the injunction that if it were violated they could individually be held in contempt? Presumably the Owner's Association officers could be held in contempt for violations of the injunction, but we can picture protracted and expensive legal battles in the offing if such contempt proceedings were brought, proceedings that certainly might deter from suit a financially limited Opal Lake Association in search of an *immediate* remedy. What happens, also, if the Opal Lake Association is disbanded sometime in the future? Who, then, can enforce the restrictions? Quite simply, we have too many questions about the final remedy fashioned below to accept it totally. An injunction that will be ineffectual will not be granted." (Citations and footnotes omitted.) 47 Mich App 368–369.

It is readily apparent that the enforcement problems outlined in *Opal Lake Association* arrayed above are likewise present in the instant case so long as the channel remains open. Moreover a close reading of the injunction issued by the circuit court reveals that it is largely ineffective in preventing the nonriparian landowners from utilizing the channel and thus is not effective in preventing the overburdening of the lake to the detriment of other riparian owners. For example, the injunction only enjoins the defendants from granting right-of-way easements to the owners of 90 nonriparian lots. Under these circumstances as long as the channel remains open, the defendant could, without being in technical violation of the injunction, simply ignore the use of the channel by the nonriparian owners thereby giving tacit permission to utilize the channel to gain access to the lake, or grant the nonriparian owners licenses to use the channel, or sell the lot containing the channel to an owner's association. Furthermore the injunction makes no reference to other lots in

the development which defendants intend to sell. As in *Opal Lake Association, supra,* the burden of enforcing the injunction would in effect impermissibly fall upon other riparian owners and we can see no end to subsequent lawsuits against users of the channel and the myriad of legal niceties connected therewith. In short, the difficulties of implementing the prior judgments of this Court all stem from the channel remaining open. If problems are to be avoided in the future, the only recourse is to fill in the channel, and given the facts of this case, we would have so ordered had we been sitting as the trial court. The present case has been pending since 1966 and has been up and down the appellate ladder on three occasions since 1969. It is time the case be put to rest. Therefore, we reaffirm our prior decision at 35 Mich App 122; 192 NW2d 366 (1971), and defendants are ordered to fill in the channel located on Lot No. 91 to its natural level within a reasonable time but not later than July 1, 1974, and insofar as possible restore Lot No. 91 to its natural state as it was before the channel was constructed. Further, defendants are enjoined from constructing any other waterway in or on Lot No. 91.

Plaintiffs also argue that even in the event the channel is filled in, defendants could install 70 or more docks on the frontage of Lot No. 91 for the use of nonriparian owners in the development. There is no evidence in the record that defendants plan to embark on this project. Consequently, plaintiffs' assertions and concern are premature. However, defendants are cautioned that such a project would be condemned by this Court as a violation of both the letter and spirit of the instant opinion and our prior judgments in this matter. See *Opal Lake Association v Michaywé, supra.*

All concurred.